# EXHIBIT D

CONTENT:
PLEA AGREEMENT/TRANSCRIPT (May 15, 1996)
*U.S. v. George Zappola* and *George Conte*
Criminal Case No. CR-95-31 (FB) out of
the United States District Court for the
Eastern District of New York, Brooklyn Division
Before the Honorable FREDERIC BLOCK
United States District Court Judge

051596GZ.txt

1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - X
UNITED STATES OF AMERICA    :    CR-95-31
                                 (FB)
        -against-                United States Courthouse
                            :    Brooklyn, New York

GEORGE ZAPPOLA,
and GEORGE CONTE,           :    May 15, 1996
                                 5:15 p.m.
        Defendant.          :
- - - - - - - - - - - - - - X

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE FREDERIC BLOCK
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:              ZACHARY W. CARTER
                                United States Attorney
                                BY:  JAIME ORENSTEIN
                                     STEPHEN KELLY
                                Assistant United States
Attorneys

                                225 Cadman Plaza East
                                Brooklyn, New York 11201

For Defendant Zappola:          JAMES LA ROSSA, ESQ.
                                ANDREW WEINSTEIN, ESQ.

For Defendant Conte:            KEITH WATANABE, ESQ.
                                RAFAEL ABROMOWITZ, ESQ.

Court Reporter:                 Diana Pereira
                                Certified Realtime Reporter
                                225 Cadman Plaza East - Room 377
                                Brooklyn, New York
                                (718) 330-1781

D.Pereira, OCR

0

2

051596GZ.txt

1  and May 13, 1989, I conspired and agreed with others to
2  murder Mike Pappadio in violation of New York Penal Law
3  　　　In furtherance of the conspiracy, I shot Michael
4  Pappadio on or about May 13, 1989.
5  　　　THE COURT: I will take them individually.
6  　　　Based on the information given to me by Mr. Zappola,
7  I find that he is acting voluntarily, he fully understands
8  his rights and the consequences of his plea of guilty to
9  Count One of the indictment and there is indeed a factual
10  basis for that plea. I will, therefore, accept a plea of
11  guilty to Count One of the indictment.
12  　　　MR. LA ROSSA: Your Honor, we would like him to
13  allocute to the other racketeering acts. I am afraid we have
14  no choice, sir. There are double jeopardy factors here.
15  There are other jurisdictions.
16  　　　THE COURT: I didn't mean to be precipitous.
17  Legally, if he allocuted to one it is sufficient.
18  　　　MR. LA ROSSA: I think you are right but we have a
19  problem with it.
20  　　　THE COURT: Mr. Orenstein.
21  　　　MR. ORENSTEIN: Judge, he allocuted to one
22  racketeering act.
23  　　　THE COURT: We need two.
24  　　　MR. ORENSTEIN: You need at least two to form a
25  pattern.

D.Pereira, OCR

41

1  　　　THE COURT: You are right. You want to allocute to
2  all of them?
3  　　　MR. WATANABE: Yes, Judge.
Page 37

051596GZ.txt

4          MR. LA ROSSA:   Afraid so, sir.

5          Your Honor, could I read them?  There is no reason
6    why I can't.

7          MR. ORENSTEIN:   As long as he affirms the truth.

8          MR. LA ROSSA:   I can.

9          THE COURT:  Listen carefully, Mr. Zappola, because I
10   am going to ask you whether you understand and whether you
11   agree.

12         MR. LA ROSSA:   Murder of Michael Pappadio.

13         "On or about May 13, 1989, I knowingly, willfully
14   and intentionally murdered and aided and abetted the murder
15   of Michael Pappadio in violation of the New York Penal Law.

16         Racketeering Act Number Two, conspiracy to murder
17   Julius Calder.

18         "From in or about and between approximately 1988 and
19   June 2nd, 1989, I conspired and agreed with others to murder
20   Julius Calder, in violation of the New York Penal Law.

21         "In furtherance of the conspiracy I attempted to
22   murder Julius Calder at a diner in Brooklyn in early 1989."
23
24         Racketeering Act Three:   Conspiracy to Murder - The
25   New Jersey Faction:

D.Pereira, OCR

42

1          "From in or about and between approximately 1989 and
2    1991, I conspired with others to murder Anthony Accetturo,
3    Sr., Anthony Accetturo, Jr., Thomas Ricciardi, Joseph
4    LaMorte, and others whom the government has referred to
5    collectively as The New Jersey Faction, in violation of New

Page 38

051596GZ.txt

 6   York Penal Law.

 7        "In furtherance of the conspiracy I traveled to
 8   Florida in 1988 and 1989 to assist in efforts to locate these
 9   people."
10
11        Racketeering Act Number Four:  Conspiracy to Murder
12   Peter Chiodo
13        "From in or about and between 1990 and the spring of
14   1991, I conspired and agreed with others to murder Peter
15   Chiodo, in violation of New York Penal Law.
16        "In furtherance of the conspiracy, I assisted others
17   in attempting to locate Peter Chiodo for the purpose of
18   killing him."
19
20        Racketeering Act Number Seven.  We are skipping Five
21   and Six.
22        MR. ORENSTEIN:  He is not charged with Five and Six.
23        MR. LA ROSSA:  Number Seven:  Conspiracy to murder
24   James Bishop.
25        "From in or about and between approximately April

   D.Pereira, OCR

                                                          43

1   1990 and May 17, 1990, I conspired and agreed with others to
2   murder James Bishop, in violation of the New York Penal Law.
3        "In furtherance of the conspiracy I shot James
4   Bishop on or about May 17, 1990."
5        Murder of James Bishop: "On or about May 17, 1990, I
6   knowingly, willfully and intentionally murdered and aided and
7   abetted the murder of James Bishop, in violation of the New
8   York Penal Law."

051596GZ.txt

9

10        Racketeering Act Eight: Conspiracy to murder Frank
11   Mariconda

12        "From in or about and between approximately
13   December '91 and February 9th, 1992, I conspired and agreed
14   with others to murder Frank Mariconda in violation of the New
15   York Penal Law.

16        "In furtherance of the conspiracy I met with others
17   to plan the murder of Frank Mariconda

18        "On or about February 9, 1992, I knowingly,
19   willfully and intentionally murdered and aided and abetted
20   the murder of Frank Mariconda, in violation of New York Penal
21   Law."

22        Racketeering Act Nine - conspiracy to murder Richard
23   Taglianetti:

24        "From in or about and between approximately 1983 and
25   July 23rd, 1992, I conspired with others to murder Richard

   D.Pereira, OCR

44

1   Taglianetti, in violation of the New York Penal Law.
2        "In furtherance of the conspiracy, I conducted
3   surveillance in Staten Island during the spring and summer of
4   1992, for the purpose of locating and murdering Richard
5   Taglianetti."

6        Murder of Richard Taglianetti:
7        "On or about July 23, 1992, I knowingly, willfully
8   and intentionally murdered and aided and abetted the murder
9   of Richard Taglianetti, in violation of the New York Penal
10  Law."

051596GZ.txt

11          Racketeering Act Ten - Conspiracy to murder Richard
12   Guiga.
13          "From in or about and between approximately 1990 and
14   1993 I conspired and agreed with others to murder Richard
15   Guiga, in violation of the New York Penal Law
16          "In furtherance of the conspiracy I conducted
17   surveillance in or about February 1992, in Manhattan, for the
18   purpose of locating and murdering Richard Guiga."
19
20          THE COURT: Thank you, Mr. LaRossa.
21          Now, Mr. Zappola, there's an awful lot that was read
22   by Mr. LaRossa. I want to make sure that you understand
23   everything that was read, that these are your words, that you
24   adopt them, that you agree with everything that was read and
25   this does represent your confession and your admission in

D.Pereira, OCR

45

1   respect to Count One.
2          Is there any question about that whatsoever?
3          DEFENDANT ZAPPOLA: No.
4          THE COURT: Now, I will at this time specifically
5   rule in respect to each of these pleas as we go along that
6   there is a factual basis for the plea. As I said before, I
7   think all you need are two racketeering acts, but for reasons
8   that are good and sufficient reasons known to defense
9   counsel, and perhaps to the government as well, all of those
10  were allocuted to.
11          MR. LA ROSSA: So the record is perfectly clear,
12  there is no issue about the fact that Mr. Zappola is openly
13  affirming the violation of the law of this count. He is not

Page 41

051596GZ.txt

14  agreeing, though, to all of the background of this count that
15  has nothing to do in effect with the crime itself. His
16  allocution is his admission of the crime.
17          THE COURT: I am not so sure I know exactly what
18  that means.
19          MR. LA ROSSA: There are some things in there. The
20  background of the count refers to people --
21          THE COURT: I am only talking about what he
22  allocuted to.
23          MR. LA ROSSA: That's my point.
24          THE COURT: Are you suggesting that I have heard
25  more than I need in order to accept the plea of guilty to

D.Pereira, OCR

46

1   Count One?
2           MR. LA ROSSA: That wasn't in response to what you
3   said. This is kind of "making the record clear" that he's
4   not accepting all of the background information.
5           THE COURT: He's not accepting everything that's set
6   forth in the indictment?
7           MR. LA ROSSA: -- in the indictment other than his
8   allocution.
9           MR. ORENSTEIN: Judge, we agree that the allocution
10  is sufficient. We, of course, stand ready to prove, if
11  necessary, everything that is in the indictment.
12          THE COURT: Based on all this information I find
13  that the defendant is acting voluntarily, fully understands
14  his rights, the consequences of his plea and that there is
15  indeed a factual basis for the plea of guilty to Count One of

Page 42

051596GZ.txt
16   the indictment. I will therefore accept the plea of guilty
17   to that count.
18          Let's move on to Count Two.
19          Count Two refers to a period of time between January
20   1978 to the present date. It charges the defendant with
21   racketeering conspiracy and specifically that he, together
22   with others, conspired to conduct and participate, directly
23   and indirectly, in the conduct of the affairs of the
24   particular enterprise set forth in this indictment through a
25   pattern of racketeering activity by agreeing to commit and

D.Pereira, OCR

47

1   actually committing the acts of racketeering with which each
2   such defendant is charged in Count one.
3          In terms of the conspiracy allocution, Mr. LaRossa,
4   what do you propose? Is he able to allocute on his own or
5   does he need any assistance?
6          MR. LA ROSSA:  Yes, your Honor. It might go
7   faster.
8          THE COURT:  Why don't you do that.
9          Is it acceptable?
10         MR. ORENSTEIN:  As long as whatever Mr. LaRossa
11   states is adopted by Mr. Zappola.
12         THE COURT:  I will ask him specifically after each
13   of those allocutions.
14         MR. LA ROSSA:  Count Two.
15         "From in or about and between the early 1990s and
16   January 1996, in the Eastern and Southern Districts of New
17   York and elsewhere, I, being employed by and associated with
18   an association in fact enterprise consisting of myself and

Page 43

051596GZ.txt

12      MR. LA ROSSA: "From in or about and between 1978
13 and January 1996, in the Eastern and Southern Districts of
14 New York and elsewhere, I conspired and agreed with others to
15 defraud the United States by impeding, impairing, obstructing
16 and defeating the lawful functions of the Treasury Department
17 the ascertainment, computation and collection of income taxes
18 due and owing for myself and others.
19      "In furtherance of the conspiracy, I filed a false
20 and misleading federal income tax return on or about July
21 25th, 1990, for the year 1989.
22      THE COURT: For the sake of having a brief pause,
23 let me rule that in respect to each of these counts in the
24 indictment to which the defendant has pled guilty -- and I
25 take it you also adopt what Mr. LaRossa has just stated in

D.Pereira, OCR

58

1 respect to Count Twenty-one, Mr. Zappola, as well?
2      DEFENDANT ZAPPOLA: Yes.
3      THE COURT: With respect to each of these that I
4 have not attended to before, which would be Counts Four,
5 Five, Six, Seven, Twelve, Thirteen, Fourteen, Fifteen,
6 Sixteen, Nineteen, Twenty, Twenty-one, I find that the
7 defendant is acting voluntarily with respect to each of
8 these, fully understands his rights and consequences of his
9 plea of guilty to each of those counts in the indictment, and
10 that there is indeed a factual basis for the plea of guilty
11 to each of those counts. I, therefore accept the pleas of
12 guilty to those counts, and at this time we will move to the
13 counts set forth in the information.
14      With respect to that, Count One charges the

Page 53

051596GZ.txt

15 defendant with the murder of Anthony DiLapi on or about
16 February 4, 1990.
17     Mr. LaRossa.
18     MR. LA ROSSA: "On or about February 4, 1990, in the
19 Eastern and Southern Districts of New York, the Central
20 District of California and elsewhere, and for the purpose of
21 maintaining and increasing my position in an association in
22 fact enterprise consisting of myself and others, which
23 enterprise was engaged in racketeering activity, I knowingly,
24 willfully, deliberately and with premeditation and with
25 malice aforethought murdered and aided and abetted the murder

D.Pereira, OCR

59

1 of Anthony DiLapi in violation of Section 187 (a) and other
2 related sections of the California Penal Code and the New
3 York Penal Law.
4     THE COURT: Mr. Zappola, relief is in sight but I
5 ask you once again, just as important now as the first time I
6 asked you these questions: Do you agree with everything that
7 Mr. LaRossa just stated? Do you adopt that as the truth?
8 Does this represent your testimony in respect to, so to
9 speak, your allocution and that you adopt this as your words?
10     DEFENDANT ZAPPOLA: Yes.
11     THE COURT: All right. Count Two, murder of Victor
12 Filocomo.
13     MR. LA ROSSA: No.
14     THE COURT: Strike that. Let's move on to count --
15     MR. WEINSTEIN: I think you are looking at the
16 information for Mr. Conte.

051596GZ.txt

17   Count One is the same in both informations.
18       THE COURT: Count Two, murder of John "Otto" Heidel,
19   on or about October 13, 1987.
20       MR. LA ROSSA: "On or about October 13, 1987, in the
21   Eastern and Southern Districts of New York and elsewhere, and
22   for the purpose of maintaining and increasing my position in
23   an association in fact enterprise, consisting of myself and
24   others, which enterprise was engaged in racketeering
25   activity, I murdered and aided and abetted the murder of John

D.Pereira, OCR

60

1   "Otto" Heidel, in violation of the New York Penal Law.
2       THE COURT: Do you agree and do you adopt that as
3   your statement, Mr. Zappola?
4       DEFENDANT ZAPPOLA: Yes, I do.
5       THE COURT: Count Three, conspiracy to murder Robert
6   Scarpaci in or about the early 1908s.
7       MR. LA ROSSA: "In or about approximately the early
8   1980s, in the Eastern and Southern Districts of New York and
9   elsewhere, and for the purpose of maintaining and increasing
10  my position in an association in fact enterprise consisting
11  of myself and others, which enterprise was engaged in
12  racketeering activity, I conspired and agreed with others to
13  murder Robert Scarpaci, in violation of the New York Penal
14  Law."
15      THE COURT: Do you agree that this is correctly
16  stated, Mr. Zappola?
17      DEFENDANT ZAPPOLA: Yes.
18      THE COURT: Count Four, conspiracy to murder Burt
19  Kaplan in or about 1993.

Page 55

051596GZ.txt

20      MR. LA ROSSA: "In or about approximately 1993, in
21 the Eastern and Southern Districts of New York and elsewhere,
22 and for the purpose of maintaining and increasing my position
23 in an association in fact enterprise consisting of myself and
24 others, which enterprise was engaged in racketeering
25 activity, I conspired and agreed with others to murder Burt

D.Pereira, OCR

61

1 Kaplan, in violation of the New York Penal Law."
2
3       THE COURT: Mr. Zappola, do you agree with that?
4       MR. ZAPPOLA: Yes, I do.
5       THE COURT: Do you adopt that as your statement?
6       DEFENDANT ZAPPOLA: Yes, I do.
7       THE COURT: Count Five, conspiracy to murder Peter
8 Chiodo's relatives in or about and between July 1, 1991, and
9 March 1992.
10      MR. LA ROSSA: "From in or about and between
11 approximately July 1991 and March 1992, in the Eastern and
12 Southern Districts of New York and elsewhere, and for the
13 purpose of maintaining and increasing my position in an
14 association in fact enterprise consisting of myself and
15 others, which enterprise was engaged in racketeering
16 activity, I conspired and agreed with others to murder
17 relatives of Peter Chiodo, specifically Thomas Signorino and
18 Patricia Cappazola, in violation of the New York Penal Law."
19
20      THE COURT: Mr. Zappola, do you agree with that?
21      MR. ZAPPOLA: Yes, I do.

Page 56

```
                           051596GZ.txt
22        THE COURT: All right.
23             Last, Count Six, conspiracy to murder Nicholas Guido
24   and Bob Bering in or about and between October 1986 and
25   January 1993.

     D.Pereira, OCR
```

                                                                    62

```
 1             MR. LA ROSSA: From in or about and between
 2   approximately October '86 and January '93, in the Eastern and
 3   Southern Districts of New York and elsewhere, and for the
 4   purpose of maintaining and increasing my position in an
 5   association in fact enterprise consisting of myself and
 6   others, which enterprise was engaged in racketeering
 7   activity, I conspired and agreed with others to murder
 8   Nicholas Guido and Bob Bering, in violation of the New York
 9   Penal Law."
10
11             THE COURT: Do you agree that that is an accurate
12   reading and that those represent your involvement in those
13   matters, Mr. Zappola?
14             DEFENDANT ZAPPOLA: Yes, I do.
15             THE COURT: All right.
16             Based upon all this information given to me, I find
17   in respect to the six counts in the information that the
18   defendant is acting voluntarily with respect to each; that he
19   fully understands his rights, the consequences of his pleas
20   of guilty, and that there are indeed factual bases for the
21   pleas of guilty with respect to Counts One through Six of the
22   information. I will therefore accept the pleas of guilty to
23   Count One, Two, Three, Four, Five and Six of the information.
24             MR. LA ROSSA: Not to be redundant. Mr. Zappola
```

```
                            051596GZ.txt
13              THE COURT: Do you adopt that as if you were
14    speaking the words yourself?
15              DEFENDANT CONTE: Yes, sir.
16              THE COURT: No question about that, is there?
17              DEFENDANT CONTE: No question.
18              THE COURT: Continue.
19              MR. WATANABE: Racketeering Act Four.
20              "From in or about and between 1990 and in the spring
21    of 1991, I conspired with and agreed with other persons to
22    murder Peter Chiodo, in violation of New York Penal Law.
23              "In furtherance of the conspiracy, I assisted others
24    in attempting to locate Peter Chiodo for the purpose of
25    killing him."

      D.Pereira, OCR
```

                                                                          71

```
1
2               THE COURT: Once again, I want you to tell me
3     whether all of this was related to the affairs of the
4     enterprise.
5               MR. WATANABE: It was, Judge.
6               THE COURT: Go through the rest, and then I will ask
7     whether he adopts all of this.
8               MR. WATANABE: Okay.
9               Racketeering Act Seven, Conspiracy to Murder James
10    Bishop.
11              "From in or about and between approximately April
12    1990 and May 17, 1990, I conspired and agreed with others to
13    murder James Bishop, in violation of New York Penal Law.
14              "In furtherance of the conspiracy I shot" -- Mr.
15    Conte shot Mr. James Bishop on or about May 17, 1990, and
                            Page 65
```

051596GZ.txt

16   that such crime was committed in violation of New York Penal
17   Law and in fact that was done in furtherance of the
18   association in fact enterprise.
19           THE COURT: Do you agree with that and do you agree
20   with the prior statements in respect to the racketeering acts
21   that your counsel has set forth?
22           DEFENDANT CONTE: Yes, your Honor.
23           THE COURT: Do you have any question at all that you
24   want to speak to your attorney about in respect to that?
25           DEFENDANT CONTE: No, your Honor.

D.Pereira, OCR

72

1           THE COURT: Do you have any more, Mr. Watanabe?
2           MR. WATANABE: Yes, I do, Judge.
3           Racketeering Act Nine, conspiracy to murder and the
4   murder of Richard Taglianetti.
5           "From in or about 1983 and July 23, 1992, Mr. Conte
6   conspired with other persons to murder Richard Taglianetti,
7   in violation of New York Penal Law.
8           "In furtherance of the conspiracy, I conducted
9   surveillance of Mr. Taglianetti for the purpose of his
10  murder."
11          THE COURT: Once again --
12          MR. WATANABE: And that in or about July 1992,
13  Mr. Taglianetti was in fact murdered by being shot to death
14  by George Conte and this was all in furtherance of the
15  association in fact enterprise.
16          MR. ORENSTEIN: Judge, may I have a moment to confer
17  with counsel?

Page 66

051596GZ.txt

7           DEFENDANT CONTE: Yes, I do.
8           THE COURT: Last part of the indictment, Count
9   Twenty-one, Conspiracy to Defraud the United States.
10          MR. WATANABE: From in or about and between 1978 and
11  the date of this superseding indictment, in the Eastern and
12  Southern Districts of New York and elsewhere, Mr. Conte
13  conspired and agreed with others to defraud the United States
14  by impeding, impairing, obstructing and defeating the lawful
15  functions of the Treasury Department in the ascertainment,
16  computation, and collection of income taxes due and owing
17  from himself and others, and in furtherance of that
18  conspiracy, Mr. Conte failed to file tax returns in the years
19  1989, 1990, and 1991.
20          THE COURT: Do you agree that that actually did
21  happen? Do you agree with everything that was just spread on
22  the record by your attorney?
23          DEFENDANT CONTE: Yes, I understand.
24          THE COURT: And you adopt that as your acts?
25          DEFENDANT CONTE: Yes, your Honor.

D.Pereira, OCR

81

1           THE COURT: Let's move to the information.
2           Count One, murder of Anthony DiLapi on or about
3   February 4, 1990.
4           MR. WATANABE: Count One of the information, Murder
5   of Anthony DiLapi.
6           On or about February 4, 1990, in the Eastern
7   District of New York and elsewhere, including the Central
8   District of California and elsewhere, and for the purpose of

Page 74

051596GZ.txt

```
 9    maintaining and increasing his position in an association in
10    fact enterprise consisting of himself and others, which
11    enterprise was engaged in racketeering activity, Mr. Conte
12    did knowingly, willfully, deliberately and with premeditation
13    and malice aforethought murdered and aided and abetted the
14    murder of Anthony DiLapi, in violation of Section 187 and
15    other related sections of the California Penal Code and New
16    York Penal Law.
17              THE COURT: Do you agree that you did that, Mr.
18    Conte?
19              DEFENDANT CONTE: Yes, I do, your Honor.
20              THE COURT: Count Two, murder of Victor Filocomo on
21    or about October 18, 1988.
22              MR. WATANABE: On or about October 18, 1988, in the
23    Eastern and Southern Districts of New York and elsewhere, and
24    for the purpose of maintaining and increasing his position in
25    an association in fact enterprise consisting of himself and

      D.Pereira, OCR
```

                                                                       82

```
 1    others, which enterprise was engaged in racketeering
 2    activity, Mr. Conte murdered and aided and abetted the murder
 3    of Victor Filocomo, in violation of New York Penal Law.
 4              THE COURT: Do you agree that you did that, Mr.
 5    Conte?
 6              DEFENDANT CONTE: Yes, I do, your Honor.
 7              THE COURT: Count Three, murder of Nicholas Izzo on
 8    or about October 27th, 1983.
 9              MR. WATANABE: Count three, murder of Nicholas Izzo.
10              On or about October 27, 1983, in the Eastern and
11    Southern District of New York and elsewhere, and for the
```
Page 75